IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

ZRM, A MINOR, BY AND THROUGH
HER GUARDIAN AND NEXT FRIEND,
LUCILLE MITCHELL                                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO.: 3:16cv206-MPM-SAA

JERRY HOOP;
BOBBY SAVAGE;
FRED'S, INC.;
FRED'S STORES OF TENNESSEE, INC.;
FRED'S STORES OF MISSISSIPPI, INC.;
SUZUKI MOTOR OF AMERICA, INC.;
JOHN DOES 1-10; AND
ABC CORPORATIONS 1-10                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on plaintiff Lucille Mitchell's ("Mitchell") motion to remand this case to the Circuit Court of Tallahatchie County, Mississippi, and to stay all proceedings pending resolution of the motion to remand [14]. Further, the plaintiff moves the Court for an order requiring payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal, as well as sanctions against opposing counsel and defendant Suzuki Motor of America, Inc. ("SMAI") for improperly removing this action. SMAI has responded in opposition to the motion [17], and the plaintiff has filed a rebuttal [20]. The Court, having considered the submissions of the parties and relevant case law, concludes that Mitchell's motion to remand is well taken and should be granted. However, the Court finds that Mitchell's request for sanctions and costs should be denied.

*A. Factual and Procedural Background*

Plaintiff Mitchell filed this action in state court alleging the wrongful death of her daughter, Steffie Renee Mitchell, as a result of a motor vehicle accident that occurred on June 14, 2013.

1

Mitchell asserts that the accident was caused by the negligence of defendants Bobby Savage, Jerry Hoop, Fred's, Inc., Fred's Stores of Mississippi, Inc., and Fred's Stores of Tennessee, Inc. (collectively hereinafter "Fred's"). Mitchell further alleges that the accident was caused by the negligence of defendant SMAI and by the defective conditions of SMAI's product. Mitchell seeks compensatory, estate, and punitive damages.

The parties dispute exactly how the collision occurred. Jerry Hoop, the defendant truck driver, was not cited by the responding police officer for any driving violations, and the Crash Report indicated "No Apparent Improper Driving" on the part of Hoop and stated that he was driving "at a slow rate of speed due to traffic conditions." Hoop also maintains that he was required to travel at a slow rate of speed due to heavy traffic conditions when Steffie Mitchell's motorcycle collided into the rear of his truck. The deceased's brother, Stefon Mitchell, was operating his motorcycle behind Steffie Mitchell and alleges that Hoop merged his 18-wheeler in front of the motorcyclists without using a turn signal and then "slam[ed] on breaks out of nowhere." Moreover, Stefon Mitchell admits that the brake lights did light up, but claims that Hoop did not have his hazard lights on, nor did he use any other warnings to signal his sudden stop.

Jerry Hoop is the only defendant in this matter who is a resident of Mississippi. Plaintiff Mitchell alleges that Jerry Hoop, while acting in the scope of his duties as an employee for Bobby Savage and Fred's, negligently failed to operate his commercial vehicle at a safe speed, maintain the vehicle under reasonable control, maintain proper lookout, avoid the accident, or warn of unreasonably unsafe conditions. Mitchell alleges that all of Hoop's negligent acts were at least substantial contributing causes of the accident and the subsequent death of Steffie Renee Mitchell.

SMAI removed the suit to this Court pursuant to 28 U.S.C. § 1446(a). SMAI argues that this Court has original jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446(b)(1) because

complete diversity of citizenship exists between the properly joined and served parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Further, SMAI contends that the citizenship of defendant Jerry Hoop should be ignored because he is fraudulently joined in this action. In response, Mitchell moved to remand the case to state court, arguing that Hoop is a properly joined defendant. Mitchell contends that there is not complete diversity between the parties and, therefore, this Court does not have original jurisdiction over the case.

*B. Standard for Remand*

Federal courts have original jurisdiction over all civil cases when the amount in controversy exceeds $75,000, exclusive of interests and costs, and the matter is between citizens of different states. 28 U.S.C. § 1332(a). "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

After removal, a plaintiff may move to remand the action to state court, and "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The party seeking to remove the case to federal court bears the burden of establishing that federal jurisdiction exists and removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Furthermore, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

3

*C. Discussion*

*(i) Fraudulent Joinder*

In cases arising under 28 U.S.C. § 1332(a), the "presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553–54, 125 S. Ct. 2611, 2617–18, 162 L. Ed. 2d 502 (2005) (citing *Owen Equipment & Erection Co. v. Kroger,* 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)). If a case is removed to a federal forum based on diversity jurisdiction and all of the non-diverse defendants have been improperly joined, then the defendant is, nonetheless, entitled to remove the case. *Smallwood v. Illinois Cent. R.R.*, 385 F.3d 568, 572-73 (5th Cir. 2004).

In determining whether fraudulent joinder exists, courts may consider "summary judgment-type evidence such as affidavits and deposition testimony." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 (5th Cir. 2000). The district court should also consider the entire record and the status of discovery in its determination. *Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003). Further, the court may also "pierce the pleadings" by referring to controlling state law to determine whether the joinder was fraudulent. *Keating v. Shell Chem. Co.*, 610 F.2d 328, 331 (5th Cir. 1980). The Fifth Circuit, however, frequently cautions against "pretrying a case to determine removal jurisdiction." *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990). "In evaluating fraudulent joinder claims, [courts] must initially resolve all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party." *Hart*, 199 F.3d at 247.

The defendant bears the heavy burden of proving fraudulent joinder. *Hart*, 199 F.3d at 246. There are two ways the defendants can establish fraudulent joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against

4

the non-diverse party in state court." *Travis*, 326 F.3d at 647. Since the parties do not dispute that Jerry Hoop is a resident of Mississippi, the second method of establishing fraudulent joinder applies in this case.

To establish fraudulent joinder under the second method, the defendant must demonstrate that there is no "reasonable basis for predicting that the state law might impose liability [on the resident defendant] on the facts involved." *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004) (quoting *Bobby Jones Garden Apartments, Inc. v. Suleski,* 391 F.2d 172, 176-77 (5th Cir.1968)). When considering fraudulent joinder claims, "[a]fter all disputed questions of fact and all ambiguities in controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere*, 893 F.2d at 100.

In order to establish fraudulent joinder and prevent remand, SMAI must demonstrate that there is no rational basis for predicting that Mississippi's state laws might impose liability on Jerry Hoop. This Court considers the entire record, the status of discovery, summary judgement-type evidence, and controlling state law when considering whether fraudulent joinder has been established. All of the parties acknowledge that Mitchell stated claims against Jerry Hoop in the complaint. SMAI contends there is no reasonable basis for recovery against Hoop because he was lawfully slowing for traffic. The defense argues that Hoop was not cited by the responding police officer for any driving violations. Further, the Crash Report indicated "No Apparent Improper Driving" on the part of Hoop and stated that he was driving "at a slow rate of speed due to traffic conditions." Jerry Hoop also maintains that he slowed due to "heavy traffic conditions."

In the complaint, Mitchell alleges that there is a valid cause of action because Hoop negligently failed to operate his commercial vehicle at a safe speed, maintain the vehicle under

5

reasonable control, maintain proper lookout, avoid the accident, or warn of unreasonably unsafe conditions. In the motion to remand, Mitchell claims that Hoop is liable because he did not lawfully slow for traffic and failed to abide by the Mississippi Commercial Driver's License Manual ("MCDLM") provisions. In his affidavit, Stefon Mitchell asserts that the 18-wheeler driven by Hoop merged into the left lane ahead of Steffie Mitchell without using any turn signals, and completely slammed on breaks "out of nowhere" without turning on any hazard lights. Stefon Mitchell also claims that he "did not see any traffic in front of the truck" when he pulled off the side of the road and stopped near the cab of Hoop's 18-wheeler. Although Defendant Hoop's declaration and the traffic report indicate that Hoop was traveling at a slow rate of speed due to traffic conditions with no other apparent improper driving, this court must view contested allegations in favor of the plaintiff. Therefore, Stefon Mitchell's allegations in his affidavit present a rational basis for the plaintiff's negligence claims against Hoop.

Further, the defendant cites an abundance of Mississippi case law regarding the negligence of following/rear-ending vehicles. The parties do not dispute, however, that Mississippi courts have declined to adopt a *per se* rule of absolute negligence for rear-end collisions. *See* Miss. Code An. § 63-3-707; *White v. Miller*, 513 So.2d 600, 601 (Miss.1987). Under Mississippi law, a lead motorist's duty to keep a reasonable lookout for approaching traffic is less clear than the duty to keep a reasonable lookout for what is ahead. *Thompson v. Riverside Chem. Co.*, 416 F. Supp. 35, 38 (N.D. Miss. 1976). Lead motorists do have a statutory duty, though, not to "stop or suddenly decrease the speed of a vehicle without first giving an appropriate signal... to the driver of any vehicle immediately to the rear when there is opportunity to give such signal." Miss. Code. Ann. § 63-3-707 (West). In *Box v. Swindle*, the Fifth Circuit held that even if the lead motorist technically obeys the statute, merely giving a signal does not necessarily exonerate the motorist

from charges of negligence. *Box v. Swindle*, 306 F.2d 882, 884 (5th Cir. 1962). The question of whether a lead motorist was negligent for failing to give an appropriate signal when suddenly stopping or reducing speed is a fact question for the jury to decide by considering all of the circumstances involved. *Id.*

In *Box v. Swindle*, the defendant brought her car to a stop in order to let traffic pass before making a left turn. *Id.* The plaintiff's car subsequently crashed into the back of the defendant's idle car. *Id.* The parties did not dispute that the defendant's brake lights were working and that the defendant did not use her blinker or give a manual stop signal. *Id.* The parties did, however, dispute how that collision occurred. *Id.* The defendant alleged that she gradually brought her car to a stop and that the plaintiff was traveling at a dangerous rate of speed when she negligently drove into the rear of the defendant's car. *Id.* The plaintiff claimed that she was at a distance of two car lengths and that both cars were traveling at a lawful rate of speed when the defendant suddenly brought her vehicle to an abrupt stop, thus giving her insufficient time to avoid the collision. *Id.* The jury found in favor of the plaintiff, and the Fifth Circuit upheld the verdict because there was sufficient evidence to support the plaintiff's version of how the accident occurred. *Id.* at 885.

Like in *Box v. Swindle*, the parties in the instant case dispute how the collision occurred. Jerry Hoop claims that he was required to travel at a slow rate of speed due to heavy traffic conditions and that Steffie Mitchell collided into the rear of his truck when he slowed down. Stefon Mitchell alleges that Hoop merged his 18-wheeler in front of the plaintiff without using a turn signal and then "slam[ed] on breaks out of nowhere." Stefon Mitchell admits that the brake lights did light up, but claims that Hoop did not have his hazard lights on, nor did he use any other manual warnings to signal his sudden stop. The *Box v. Swindle* decision illustrates that sudden stops can be negligent even if the brake lights were working and that Hoop's mere technical compliance

7

with the statute does not necessarily act as a complete defense of negligence. Whether Hoop's failure to give a signal constitutes negligence that proximately caused Steffie Mitchell's death or whether giving a signal in the circumstances involved was sufficient to avoid the collision is a fact question for the jury to decide. Therefore, Stefon Mitchell's affidavit and the allegations in the complaint present a reasonable possibility that the plaintiff can establish a negligence claim against Jerry Hoop.

*(ii) Sanctions and Attorney Fees*

The plaintiff has additionally requested sanctions in the form of payments of costs and expenses, including attorney fees, incurred as a result of removal. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C.A. § 1447 (c). Courts have discretion when applying § 1447 (c), and should consider whether the defendant had "objectively reasonable grounds to believe the removal was legally proper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Therefore, an award of attorney fees against SMAI depends on whether they had objectively reasonable grounds to believe that there was no reasonable possibility that state law might impose liability on Jerry Hoop.

Mitchell alleges that SMAI improperly removed the action, but because SMAI did not have the affidavit of Stefon Mitchell at the time the case was removed, SMAI had objectively reasonable grounds to believe that Mississippi state law would not impose liability on Jerry Hoop. Because there was an objectively reasonable basis for removal, sanctions should not be granted and Mitchell should not receive payment for just costs or actual expenses, including attorney fees.

*D. Conclusion*

Relying upon aforementioned authorities and resolving any factual or legal ambiguities in favor of the plaintiff, the Court concludes that there is a reasonable possibility of recovery against Jerry Hoop. The Court finds that Hoop was not improperly joined as a party. Thus, complete diversity jurisdiction is not satisfied. If the district court lacks subject matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c). Accordingly, Mitchell's motion to remand [14] is GRANTED, and this case is hereby remanded to the Circuit Court of Talahatchie County, Mississippi. However, relying on the foregoing analysis, the Court finds that the plaintiff's request for sanctions and costs should be denied.

SO ORDERED, this the 19th day of April, 2017.

/s/ Michael P. Mills
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI